United States District Court
Southern District of Texas
**ENTERED**
June 17, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| WILLIAM M PHILLIPS, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 5:21-CV-00024 |
| | § | |
| ERNESTO GALVIN | § | |
| and | § | |
| HECTOR GUTIERREZ | § | |
| and | § | |
| WARDEN, COTULLA PRISON UNIT | § | |
| and | § | |
| ROSELOA RAMIREZ | § | |
| and | § | |
| DIRECTOR, TDCJ, | § | |
| Defendants. | § | |

## REPORT & RECOMMENDATION

## OF THE UNITED STATES MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 civil rights action state inmate William M. Phillips (TDCJ #854918) sued five employees of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ") in their official capacities regarding an incident that occurred while he was transferred from a prison hospital in Galveston, Texas, back to the Cotulla Unit in Cotulla, La Salle County, Texas. (Dkt. No. 1.) Plaintiff initially filed suit in the Eastern District of Texas, where he is presently confined at the Fort Stockton Unit in Fort Stockton, Pecos County, Texas. The Court there granted Plaintiff permission to proceed *pro se* and *in forma pauperis*. (Dkt. No. 3.) However, since Plaintiff complains of events that occurred at the Cotulla Unit and the named

defendants are located there, the Eastern District of Texas court *sua sponte* transferred the action to this Court pursuant to 28 U.S.C. § 1404(a).  28 U.S.C. § 1391(b).[1]

The Court screened the complaint pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B) and ordered an answer from Defendants Ernesto Galvin and Hector Gutierrez, while reserving the right to request an answer from the others at a later date. (Dkt. No. 6.) The Court also ordered a more definitive statement from Plaintiff. (*Id.*) The Office of the Attorney General advised the Court that Defendant Galvin is no longer employed by TDCJ, and thus it lacks authority to represent him in this action. (Dkt. No. 13.) The advisory provided the last known personal address of Mr. Galvin (Dkt. No. 14), but a subsequent filing was returned as undeliverable to that address. (Dkt. No. 18).

Defendant Gutierrez moved to dismiss the action under Rule 12(b)(1) for lack of subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted under the affirmative defense that Plaintiff failed to exhaust administrative remedies. (Dkt. No. 15.) Plaintiff did not file a reply brief. After reviewing all of the pleadings and the applicable law, the Court **RECOMMENDS** that Defendant's motion be **GRANTED** and the case be **DISMISSED**.

## I.  BACKGROUND

Plaintiff alleges that on July 2, 2020, he was transported to a hospital in Galveston, Texas for a medical procedure, and when prison guards prepared to take him back to Cotulla, Defendant Galvin restrained Plaintiff to his wheelchair without permitting him to change out of the hospital gown. (Dkt. No. 1. at 4). Defendant Gutierrez allegedly watched Galvin restrain Plaintiff in the hospital gown. (*Id.*) Plaintiff alleges that the 300-mile drive in his hospital gown "rubbed [his]

---

[1] La Salle County is under the territorial jurisdiction of the Southern District Court of Texas, Laredo Division. 28 U.S.C. § 124(b)(3).

back side raw." (*Id.*) Upon arrival at Cotulla, Defendant Roseloa Ramirez escorted Plaintiff from the transport vehicle to a cell. Only then was Plaintiff able to dress himself. (*Id.*) Plaintiff requests "10 million dollars [and] a discharged sentence." (*Id.*) He sues the involved prison guards (Galvin, Gutierrez, and Ramirez) in their official capacity, as well as the TDCJ Director and the Warden of the Cotulla Prison Unit in their official capacities for negligent hiring and supervision. (*Id.*) In his complaint, Plaintiff indicated that he has not exhausted administrative remedies. (*Id.* at 3.)

The Court only requested an answer from Defendants Galvin and Gutierrez. (Dkt. No. 6 at 2.) Moreover, upon the Court's request for a more definitive statement, Plaintiff admitted that "the two people closely involved is Mr. Galvin and Mr. Gutierrez. They are the ones who picked me up at Galveston hospital and would not let me get dressed. . . After writing this and thinking about this I could say that the Warden and the Director had no direct involvement. But the [TDCJ] is responsible for the training of their guards." (Dkt. No. 11 at 1-3.)

## II.     **DISCUSSION**

A federal court must have subject matter jurisdiction to hear a case. U.S. Const. art. III, § 2. Subject matter jurisdiction is the authority of the federal court to hear a specific case and provide a remedy. Federal courts can only hear cases if the Constitution and a federal statute allow it. If the federal court lacks subject matter jurisdiction over the case, then the case must be dismissed under Rule 12(b)(1). Fed. R. Civ. P. Rule 12(b)(1). When a Rule 12(b)(1) challenge is made alongside other Rule 12(b) affirmative defenses, the Court is required to address the subject matter jurisdiction issue before addressing any attack on the merits. *See Fegans v. Johnson*, No. CIVA H-09-4019, 2010 WL 1425766, at *3 (S.D. Tex. Apr. 8, 2010); *see also Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom*; *Cloud v. United States,* 536 U.S. 960 (2002) (citing *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)

("Dismissal ... for failure to state a claim is a decision on the merits . . . whereas a dismissal on jurisdictional grounds alone is not on the merits."). In other words, before deciding on the facts of the case, the Court must first make sure that the Constitution and a federal statute allow it to hear the case. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998). If the Court cannot hear the case, then the Court cannot decide on the facts of the case.

In the Motion to Dismiss, Defendant invoked sovereign immunity and asserted lack of subject matter jurisdiction under the Eleventh Amendment. (Dkt. No. 15.) The defense of sovereign immunity in this case derives from the Eleventh Amendment. The Eleventh Amendment of the U.S. Constitution "bars citizens of a state from suing their own state or another state in federal court, unless the state has waived its sovereign immunity or Congress has expressly abrogated it." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citation omitted). In other words, the Constitution does not allow federal courts to hear claims from a state citizen against their state unless the state agrees to be sued in federal court. Here, a suit against the TDCJ officials represents a suit against the state. The Fifth Circuit has extended Eleventh Amendment immunity in § 1983 suits to TDCJ officials acting in their official capacity. *See Oliver v. Scott*, 276 F.3d 736, 747 (5th Cir. 2002) ("We twice have held that the Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity"); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (extending Eleventh Amendment to TDCJ); *Aguilar v. TDCJ*, 160 F.3d 1052, 1054 (5th Cir. 1998) (extending immunity to TDCJ's officers acting in official capacity). Since the TDCJ officials raised Eleventh Amendment immunity, they cannot be sued in federal court and the case must be dismissed. *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th

Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."). Thus, the Court cannot hear this case.

Plaintiff's complaint names the five defendants in their official, not individual, capacities. (*See* Dkt. No. 1 at 3.) The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion. *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009). In other words, the Plaintiff must show that the Court has authority to hear this case. However, the Eleventh Amendment jurisdictional challenge ultimately bars the Court from hearing this case. The Court, therefore, lacks jurisdiction to resolve the complaint and recommends dismissal without prejudice.

Even though the Court cannot decide this case because of sovereign immunity, the Plaintiff may proceed by filing in Texas state court, where the Eleventh Amendment does not apply. However, § 1983 suits are governed by the Texas statute of limitations for tort claims. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987). According to the Texas statute of limitations, Plaintiffs have two years to file in Texas courts, starting from the date of the injury. Tex. Civ. Prac. & Rem. Code §16.003. Here, the deadline to file in Texas state court is July 2, 2022, given that Plaintiff's injury occurred on July 2, 2020.[2]

### III. CONCLUSION AND RECOMMENDATION

Accordingly, the Court **RECOMMENDS** as follows:

1. The civil rights complaint filed by William M. Phillips be **DISMISSED** without prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction.

---

[2] Since the Court does not have jurisdiction to hear this case, the Court cannot address the Defendant's affirmative defense claim. However, if Plaintiff chooses to pursue his claim in Texas state court, he is reminded of the requirement to exhaust his administrative remedies. Texas requires Plaintiffs to exhaust administrative remedies through the Texas inmate grievance system before filing a claim in state court. *See* Tex. Gov. Code § 501.008(d) (2021); *see also Woodford v. Ngo*, 548 U.S. 83, 95 (2006) (finding that exhausting administrative remedies includes complying with the inmate grievance system).

**The Clerk's Office shall forward a copy of this Report and Recommendation to:**

1. **The Plaintiff by any receipted means at his last address of record and include his TDCJ number in all correspondence; and**

2. **The TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, fax: 512-936-2159.**

IT IS SO RECOMMENDED.

Signed on June 17, 2022, at Laredo, Texas.

*/s/ Diana Song Quiroga*
DIANA SONG QUIROGA
UNITED STATES MAGISTRATE JUDGE

## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties by any receipted means. Any party who objects to any part of this report and recommendation must file specific written objections **within 14 days after being served with a copy**. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).